## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

RAUL ZAMBO-RODRIGUEZ,

Defendant.

CRIMINAL NO. 17-108 (GAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(b) GUILTY PLEA HEARING

**I.      Procedural Background**

On February 16, 2017, defendant Raul Zambo-Rodriguez was charged in a single-count indictment.   He agrees to plead guilty to Count One.

Count One charges that Mr. Zambo, on or about January 26, 2017, being an alien previously removed from the United States subsequent to conviction for an aggravated felony, did knowingly and intentionally attempt to enter the United States without obtaining, prior to his reembarkation, the express consent of the Secretary of Homeland Security to reapply for admission into the United States, all in violation of Title 8, United States Code, Section 1326(b)(1).

Defendant appeared before me, assisted by the court interpreter, on April 5, 2018, since the Rule 11 hearing was referred by the court.   See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant).   He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

**II.      Consent to Proceed Before a Magistrate Judge**

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1]

---

[1]   The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony

USA v. Raul Zambo-Rodriguez
Cr. No. 17-108 (GAG)
**Report and Recommendation on Guilty Plea**

He confirmed that his explained the waiver form.   He was advised of his right to hold all

proceedings, including the change of plea hearing, before a district court judge.    He received an

explanation of the differences between the scope of jurisdiction and functions of a district judge

and a magistrate judge.   He was informed that if he elects to proceed before a magistrate judge,

then the magistrate judge will conduct the hearing and prepare a report and recommendation,

subject to review and approval of the district judge.    The defendant then voluntarily consented to

proceed before a magistrate judge.

### III.   Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas

to federal criminal violations.    Pursuant to Rule 11, in order for a plea of guilty to constitute a

valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United

States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).    "Rule 11 was intended to ensure that

a defendant who pleads guilty does so with an 'understanding of the nature of the charge and

consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting

McCarthy v. United States, 394 U.S. 459, 467 (1969)).    There are three core concerns in a Rule

11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the

consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926

F.2d 1237, 1244 (1st Cir. 1991)).

#### A.   Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment,

---

Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by
both parties is made part of the record.

**USA v. Raul Zambo-Rodriguez**
**Cr. No. 17-108 (GAG)**
**Report and Recommendation on Guilty Plea**

history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received.   The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea.    After considering the defendant's responses, and observing his demeanor, a finding was made that the defendant was competent to plead and fully aware of the purpose of the hearing.

### B.      Maximum Penalties and Consequences of Guilty Plea

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offenses to which he was pleading guilty, namely: a term of imprisonment of not more than twenty years, and a fine of not more than two hundred fifty thousand dollars ($250,000.00), or both.   The defendant also understood he could be sentenced to a term of supervised release of not more than three years and that a Special Monetary Assessment of $100.00 would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a).   The court explained the nature of supervised release and the consequences of revocation.   The defendant indicated that he understood the maximum penalties.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served.   Defendant was additionally informed that a pre-sentence report

**USA v. Raul Zambo-Rodriguez**
**Cr. No. 17-108 (GAG)**
**Report and Recommendation on Guilty Plea**

would be prepared and considered by the district judge at sentencing, and that the defense and the

government would be allowed to correct or object to any information contained in the report which

was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive

him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to

possess a firearm.    The defendant also confirmed that he was aware that his guilty plea, if accepted,

may result in negative immigration consequences such as removal, deportation, and prohibition of re-

entry to the United States.    The defendant confirmed that he understood these consequences of his

guilty plea.

### C.      Sentencing Procedures

The defendant was specifically informed that the district court, after considering the

applicable Sentencing Guidelines, could impose a sentence different from any estimate provided

by his attorney, and that the court had authority to impose a sentence that is more severe or less

severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed

to withdraw his guilty plea for the sole reason that he received a sentence more severe than he

might anticipate.    The defendant was advised, and understood, that the Sentencing Guidelines are

no longer mandatory and are thus considered advisory, and that during sentencing the court will

consider the sentencing criteria found at 18, United States Code, Section 3553(a).    The defendant

was advised that under some circumstances he or the government may have the right to appeal the

sentence the court imposes.

### D.      Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty,

and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge

USA v. Raul Zambo-Rodriguez
Cr. No. 17-108 (GAG)
Report and Recommendation on Guilty Plea

sitting without a jury if the court and the government so agree; that at trial he would be presumed

innocent and the government would have to prove his guilt beyond a reasonable doubt; that he

would have the right to assistance of counsel for his defense, and if he could not afford an attorney

the court would appoint one to represent him throughout all stages of the proceedings; that at trial

he would have the right to hear and cross examine the government's witnesses, the right to decline

to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or

compulsory process to compel the attendance of witnesses to testify on his behalf.    He was further

informed that if he decided not to testify or put on evidence at trial, his failure to do so could not

be used against him, and that at trial the jury must return a unanimous verdict before he could be

found guilty.

The defendant specifically acknowledged understanding these rights, and understanding

that by entering a plea of guilty there would be no trial and he will be waiving or giving up the

rights that the court explained.

### E.    Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the indictment and provided an explanation

of the elements of the offense. Upon questioning, the government presented to this magistrate

judge and to defendant a summary of the basis in fact for the offense charged in Count One and

the evidence the government had available to establish, in the event defendant elected to go to trial,

the defendant's guilt beyond a reasonable doubt.  The defendant was able to understand this

explanation and admitted to the government's submission as to the facts which could have been

presented at trial.

USA v. Raul Zambo-Rodriguez
Cr. No. 17-108 (GAG)
Report and Recommendation on Guilty Plea

### F.    Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea.   He acknowledged that no one had made any promises in exchange for his guilty plea.   Throughout the hearing the defendant was able to consult with his attorney.

## IV.    Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Raul Zambo-Rodriguez, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.   Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**USA v. Raul Zambo-Rodriguez**
**Cr. No. 17-108 (GAG)**
**Report and Recommendation on Guilty Plea**

**A sentencing has been set for August 7, 2018 at 9:00 a.m. before District Judge**

**Gustavo Gelpi.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 5th day of April, 2018.


                                        *s/Bruce J. McGiverin*
                                        BRUCE J. McGIVERIN
                                        United States Magistrate Judge